GIUSEPPE NICOLOSI, Individually and as Guardian ad Litem of MICHAEL NICOLOSI, an Infant, Plaintiff, *v.* LILLIAN OLSHANSKY, Defendant.

City Court of New York, Special Term, Bronx County, February 3, 1938.

*Hardin, Hess & Eder,* for the petitioner.

DONNELLY, J.  Pursuant to an order of this court signed the 2d day of May, 1933, Giuseppe Nicolosi, individually and as guardian *ad litem* of Michael Nicolosi, an infant, was ordered to turn over the balance of a judgment entered in favor of the infant plaintiff to the chamberlain of the city of New York to the credit of said infant, subject to the further order of this court.  The amount in the hands of the city chamberlain as of December 2, 1937, is $475.26.

In the petition presented to this court by the Royal Consul General of the Kingdom of Italy at New York city, it is set forth that Giuseppe Nicolosi and his infant son, Michael Nicolosi, are now residing in Bisaquino, Province of Palermo, Kingdom of Italy.  The petitioner is the person mentioned in the decree of the judge preator of the District of Bisaquino as the true and lawful representative of Giuseppe Nicolosi, the guardian of Michael Nicolosi; said petitioner prays for an order directing the money on deposit with the city chamberlain to be turned over to him, the petitioner to deposit the money in a pass book of the Italian Postal Savings Bank in the name of the infant Michael Nicolosi.

*Matter of Houston* (145 Misc. 417) and section 136 of the Civil Practice Act are cited by petitioner's attorney as authority for the order now sought.  In *Matter of Houston* there was a proceeding before the Surrogate's Court, Nassau county, to settle the accounts of the trustees.  At the time the petition was presented by the British Consul resident in this city on behalf of one of the distributees then residing in Scotland, the latter had attained the age of twenty-one years.  At bar we are dealing with a fund belonging to an infant, and the petition is presented to a court without power to appoint a guardian of an infant's property.

The pertinent provisions of section 136 of the Civil Practice Act are: " Each court may direct that money paid into that court in any action or proceeding brought therein  *  *  *  may, after having been deposited with the  *  *  *  city chamberlain, be paid out, transferred, invested or reinvested in any manner or

form that appears to it best for the interest of the owners thereof. Such directions must be embodied in an order or decree of such court, founded upon proper and sufficient evidence satisfactory to the court that such disposition of the property is best for the interests of the owners thereof or parties interested therein."

The provisions of section 136 of the Civil Practice Act were not intended to give to a justice of this court the power to make the order now sought. Giuseppe Nicolosi was appointed the guardian *ad litem* of the infant plaintiff herein for the purpose of instituting and prosecuting this action. When this action terminated by the entry of the judgment herein the rights and powers of the guardian *ad litem* ended. As such guardian *ad litem* he has no control over the money deposited with the city chamberlain, and, until he is appointed guardian of the infant's property, there is no power in this court to direct payment of such money to him. Where an infant has no guardian the Surrogate's Court has jurisdiction to appoint a general guardian of his person or property, or of both, where an infant is not a resident of the State, but has property, real or personal, situated in the county in which the jurisdiction of the Surrogate's Court is invoked. (Surr. Ct. Act, § 174, subd. 2.) And where, as here, the infant resides without the State and within a foreign country, ancillary letters of guardianship may be granted by the Surrogate's Court of the county in which the infant has personal property. (Surr. Ct. Act, § 184, subd. 2.) The term guardian, as used in the Surrogate's Court Act, refers to a guardian appointed by the Surrogate's Court or the Supreme Court of an infant's person or property, or both. (Surr. Ct. Act, § 314, subd. 13.)

If section 136 of the Civil Practice Act were broad enough to justify the granting of applications for the distribution of infant's funds paid into this court, then rule 293 of the Rules of Civil Practice is meaningless. The opening sentence of rule 293 reads: " A petition for the application of an infant's property, or any portion thereof, to the infant's support, maintenance or education presented to the Supreme Court or the Surrogate's Court, shall set forth in detail." The two courts mentioned in the rule quoted are the only ones having jurisdiction of the distribution of infants' estates.

That this court has no power to direct payment to the guardian *ad litem* of the proceeds received for the benefit of an infant and deposited with the city chamberlain was squarely decided, as appears from an examination of the papers on appeal and of the briefs submitted by counsel for the respective parties, in *Lewin* v. *Brown Drive It Yourself Corp.* (155 Misc. 225). In that case the

chamberlain of the city of New York refused to pay to the guardian *ad litem* of an infant at a time more than three years after the settlement of the infant's action for personal injuries a sum in excess of $100 of the money which was received in settlement and deposited with the city chamberlain pursuant to this court's order. In the brief submitted to the Appellate Term by counsel for the chamberlain the court's attention was directed to the argument in the court below by the respondent (plaintiff) that the situation was covered by the provisions of section 136 of the Civil Practice Act. The Appellate Term held: " After the litigation had terminated and the proceeds received for the benefit of the infant had been deposited with the city chamberlain the court had no power to direct payment thereof to the guardian *ad litem*." The order directed to the city chamberlain did not require the giving of a bond or other security. As to this, the Appellate Term said: " *Nor* (italics mine) do we find any provision of law dispensing with the giving of the bond required by rule 41 of the Rules of Civil Practice under the circumstances which the record discloses."

It seems unnecessary to emphasize that the court would not have upheld the order even though the security had been furnished. The court definitely decided that the court had no power to make the order. " Nor do we find any provision of law dispensing with the giving of the bond required by rule 41 " is simply an added statement of the requirement set forth in the rule. Petition denied.